UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GEORGE K. GROVER,

        Plaintiff,

v.                                                                            Case No. 09-C-501

DR. ENRIQUE LUY,

        Defendant.

## ORDER

The plaintiff, who is incarcerated at Racine Correctional Institution, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $5.39.

### STANDARD OF REVIEW FOR SCREENING A COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the

prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint "does not need detailed factual allegations," but it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. ___ , 129 S. Ct. 1937, 1949 (2009). It does not suffice if the complaint offers only "labels and conclusions," "naked assertions," or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 129 S. Ct. at 1949 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). This "facial plausibility" standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Accordingly, in reviewing a complaint, courts reject those allegations that are mere conclusions, and determine whether the facts alleged "plausibly give rise to an entitlement to relief" by "permit[ting] the court to infer more than the mere possibility of misconduct." *Id*. at 1950.

-2-

Case 2:09-cv-00501-JPS   Filed 02/23/10   Page 2 of 6   Document 4

## COMPLAINT ALLEGATIONS

The sole defendant is Dr. Enrique Luy, who is employed as a doctor at Racine Correctional Institution, where the plaintiff is incarcerated. The plaintiff has an inoperable herniated disc and complains that Dr. Luy has been deliberately indifferent to this medical condition. Specifically, Dr. Luy cut the plaintiff's methadone dosage from 35 mg/day to 15 mg/day, stating that he was concerned that the methadone would affect the plaintiff's liver. The plaintiff finds his lowered dosage inadequate, as at 15 mg/day he is in severe pain that has caused a "drastic rise" in his blood pressure, and other doctors and specialists who were aware of his liver problems did not see the higher dosage of methadone as a problem. (Complaint at 3.) As a remedy, the plaintiff asks the court to order Dr. Luy to give him the higher amount of methadone that was prescribed by specialists and other doctors, and he also seeks to have a jury determine an amount of money to compensate him for his pain and suffering.

## ANALYSIS

The Eighth Amendment's prohibition of cruel and unusual punishment forbids deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). To establish liability a prisoner must demonstrate both an objectively serious medical condition, and an official's deliberate indifference to that condition. *See Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006). A medical condition is objectively serious if a physician has determined that treatment is

mandated, or if it is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 584-85 (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). A prison official is deliberately indifferent if he knows of a substantial risk of harm and disregards that risk. *Edwards v. Snyder*, 478 F.2d 827, 831 (7th Cir. 2007).

Assuming that the plaintiff's herniated disc is a serious medical condition, the plaintiff's factual allegations do not plausibly suggest that Dr. Luy was deliberately indifferent to his medical needs. The plaintiff wants the court to compel Dr. Luy to reinstate the higher methadone dosage recommended by other doctors, who did not share Dr. Luy's concern that the higher dosage would affect the plaintiff's liver problems. However, a prison doctor may exercise his own independent medical judgment regarding appropriate medical treatment. *See Estate of Cole v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996) ("Mere differences of opinion among medical personnel regarding a patient's appropriate treatment do not give rise to deliberate indifference."); *see also Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) ("There is not one 'proper' way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field."). Nothing in the complaint suggests that Dr. Luy deliberately mistreated the plaintiff, and "[m]ere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference." *Edwards*, 478 F.3d at 831. Accordingly, by explaining that Dr. Luy reduced his methadone dosage out of a possibly misguided concern

regarding its effect on his liver problems, the plaintiff has "simply pled himself out of court by saying too much." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). In *Ciarpaglini,* the court observed:

> Ciarpaglini doesn't simply allege that his medication is being gratuitously withheld without a reason. Instead, he says that prison doctors decided to stop this particular course of treatment . . . he is not alleging that he was denied medical care. At best, he alleges a disagreement with medical professionals about his needs. This does not state a cognizable Eighth Amendment claim. . . .

*Id.* The plaintiff in this case fails to state a claim for the same reason.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket # 2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $344.61 balance of the filing fee by collecting monthly payments from the plaintiff's

prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge